UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-cv-20079-ALTMAN

**ROBERTO REYES
MEDINA CARCAMO**,

    *Petitioner*,

v.

**KROME NORTH SERVICE
PROCESSING CENTER**,

    *Respondent.*

_____/

## ORDER TO AMEND PETITION

    The Petitioner, Roberto Reyes Medina Carcamo, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his detention in the custody of Immigration and Customs Enforcement ("ICE"). *See* Petition [ECF No. 1]. In essence, Medina Carcamo asks us to release him so that he "can continue [his] case outside while out of custody." *See id.* at 7. After careful review, we find the Petition facially deficient but grant Medina Carcamo leave to file an amended petition.

    Rule 2(c) of the Rules Governing § 2254 Cases requires a movant to, among other things, "specify all the grounds for relief available" and "state the facts supporting each ground[.]" R. Governing § 2254 Cases 2(c).[1] Under the heightened pleading standard that governs habeas cases, a movant's "allegations must be factual and specific," and "[c]onclusory allegations are simply not enough to warrant a hearing." *Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) (citations omitted); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (noting that habeas petitions call for "fact pleading" as opposed to the "notice pleading" contemplated under Federal Rule

---

[1] "The district court may apply [the Rules Governing Section 2254 Cases] to a [section 2241] habeas corpus petition[.]" Rule 1(b), Rules Governing Section 2254 Cases (cleaned up).

of Civil Procedure 8(a)). "It is the petitioner's burden to establish his right to habeas relief and he must prove all facts necessary to show a constitutional violation." *Blankenship v. Hall*, 542 F.3d 1253, 1270 (11th Cir. 2008) (citations omitted).

The problem with Medina Carcamo's Petition is that he hasn't stated *any* grounds for relief—nor has he outlined any facts on which those grounds might be based. He begins by telling us that he's "been detained by inmigration [sic] [authorities] for nearly 4 months" and that he has a pending appeal in his immigration case. Petition at 1 (cleaned up). But, when the Petition asked him to "state every ground . . . that supports your claim that you are being held in violation of the Constitution," Medina Carcamo didn't tell us *anything*. *See id.* at 6-7. Instead, he wrote only this:

> I would like to humbly request, on behalf of my family and myself, that you grant Bail so that I can continue my case outside while out of custody. During the parole program, I was unde[r] supervision, I attended all my appointments, and I maintained good behavior throughout those 3 years. I have no intention of escaping, nor do I consider myself a danger to society.

*Id.* at 7.

Medina Carcamo may have offered *some* reasons for an immigration judge to release him on bond. But he hasn't suggested that his detention is unreasonable—or that due process mandates a bond hearing in his case—which is what he must show in a § 2241 petition. *See Oscar v. Ripe*, 751 F. Supp. 3d 1324, 1332 (S.D. Fla. 2024) (Middlebrooks, J.) (considering whether the § 2241 petitioner's "continued detention without a bond hearing violates his due process rights")  After all, the most we could do in this § 2241 proceeding is order the immigration judge to give Medina Carcamo a bond hearing—*not* release him from ICE custody. *See ibid.* (denying the petitioner's "request for release from custody . . . because '[t]he consensus is that ordering a bond hearing is the appropriate remedy when the length of detention has become unreasonable'" (quoting *J.N.C.G. v. Warden*, 2020 WL 5046870, at *7, n.5 (M.D. Ga. Aug. 26, 2020))). Since Medina Carcamo fails to offer any facts for his view that his detention is unreasonable, his Petition is facially deficient. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d

649, 653 (11th Cir. 2020) ("If a petition does not set forth a sufficient factual basis for habeas relief, the petition is legally insufficient on its face." (cleaned up)).

It's well settled that "[f]ederal district courts must 'dismiss summarily any habeas petition that appears legally insufficient on its face.'" *Orr v. United States*, 800 F. App'x 705, 707 (11th Cir. 2020) (quoting *Borden*, 646 F.3d at 810). But we'll give Medina Carcamo one more chance to file an amended § 2241 petition that corrects the deficiencies we've outlined in this Order. Medina Carcamo's amended petition must meet the pleading standard of Rule 2(c), must be legible, and must be submitted on our court-approved form for § 2241 petitions. *See* S.D. FLA. L.R. 88.2(a). We warn Medina Carcamo that, if he fails to timely file a sufficient amended § 2241 petition, we'll dismiss this case without further notice. *See* FED. R. CIV. P. 41(b).

One more thing. Medina Carcamo hasn't paid the Clerk's filing fee or filed a motion to proceed *in forma pauperis* ("IFP"). "Parties instituting a civil action in district court are required to pay filing fees, and each district court, by local rule, may require advance payment of such fees." *Castro v. Director, F.D.I.C.*, 449 F. App'x 786, 788 (11th Cir. 2011) (citing 28 U.S.C. § 1914(a), (c)). The filing fee for a petition for writ of habeas corpus is $5.00. *See* 28 U.S.C. § 1914(a). Of course, if a litigant cannot afford to pay a filing fee, he or she may apply to proceed without paying—also known as proceeding IFP. *See id.* § 1915(a)(1)–(2). A § 2241 petitioner seeking to proceed IFP must file "the affidavit required by 28 U.S.C. § 1915" and "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rule Governing § 2254 Cases 3(a)(2). We can't adjudicate Medina Carcamo's Petition until he's *either* paid the Clerk's filing fee of $5.00 *or* submitted a legally sufficient IFP motion under Rule 3(a) of the Rules Governing § 2254 Cases. So, when Medina Carcamo files his amended petition, he must *also* resolve the filing-fee issue—or we'll dismiss this case without further notice.

\*   \*   \*

3

We therefore **ORDER AND ADJUDGE** as follows:

1. The Petition [ECF No. 1] is **DISMISSED** without prejudice. By **February 27, 2026**, the Petitioner must file an amended petition under 28 U.S.C. § 2241. The amended petition must be no longer than 20 double-spaced pages and signed under the penalty of perjury. The Petitioner must comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the District Courts by sufficiently stating (in a legible manner) the facts that support the grounds for relief available to him. The Clerk is **DIRECTED** to provide the Petitioner with a copy of this Court's approved form for 28 U.S.C. § 2241 petitions.

2. The amended petition must be labeled "Amended Petition" and must include the case number referenced above, so that it will be filed in this case. The amended petition will be the sole, operative pleading in this case, and only the claims listed in the amended petition will be addressed. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case."). The Petitioner may not incorporate by reference any past claims. *See* S.D. FLA. L.R. 5.1.

3. By **February 27, 2026**, the Petitioner shall either pay the Clerk's filing fee of $5.00 or, in the alternative, file a motion to proceed *in forma pauperis* ("IFP motion"). If he files an IFP motion, he must include a supporting financial affidavit and his six-month account statement in accordance with Rule 3(a) of the Rules Governing § 2254 Proceedings in the District Courts. The Clerk is **DIRECTED** to provide the Petitioner with a copy of our "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)."

4. If the Petitioner fails to file the amended petition and resolve the filing fee issue on time and in compliance with our orders, we'll dismiss this case for failure to prosecute or failure to comply with court orders. *See* FED. R. CIV. P. 41(b).

5. The Clerk shall **administratively CLOSE** the case. We'll reopen this case once the Petitioner files his amended petition in compliance with this Order.

**DONE AND ORDERED** in the Southern District of Florida on January 29, 2026.



**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    Roberto Reyes Medina Carcamo, *pro se*